UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| HELEN SWARTZ, Individually, | : |
| | : |
| Plaintiff, | : |
| | : |
| vs. | :     Case No.: |
| | : |
| RAVEL  HOTEL LLC, | : |
| a New York Limited  Liability Company, | : |
| | : |
| Defendant. | : |

_____/

## **COMPLAINT**
(Injunctive Relief Demanded)

Plaintiff, HELEN  SWARTZ,  Individually,  on  her  behalf  and  on  behalf  of  all  other

individuals similarly situated (sometimes referred to as "Plaintiff"), hereby sues the Defendant,

RAVEL  HOTEL  LLC,  a  New  York  Limited  Liability  Company  (sometimes  referred  to  as

"Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to

the  Americans  with  Disabilities  Act,  42  U.S.C.  § 12181  et  seq.  ("ADA"),  and  for  damages

pursuant to N.Y. Exec. Law Section 296, et seq. and New York Civil Rights Law § 40, et

seq.

## **COUNT I**

1.      Defendant's property, The Ravel Hotel, is located at 8-08 Queens Plaza South,

Long Island City, NY, in the County of Queens.

2.      Venue is properly located in the Eastern District of New York because venue lies

in the judicial district of the property situs.  The Defendant's property is located in and does

business within this judicial district.

3.      Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.  See also 28 U.S.C. § 2201 and § 2202.  The Court has supplemental jurisdiction over the State Law Claims, pursuant to 28 U.S.C. 1367.

4.      Plaintiff Helen Swartz is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.  Ms. Swartz has multiple sclerosis and is mobility impaired, and uses an electric scooter to ambulate.

Helen Swartz was born and raised in New York City and visits on an average of five times a year to see shows, eat at facilities, visit family and friends, get her hair cut, and to shop at stores.  Her younger daughter lives and works on the Lower East Side, her father lives in Great Neck, her brother lives on the upper West Side and her first cousins reside in New York City.  When Ms. Swartz is in New York City her eldest daughter and granddaughter often take the train from Philadelphia to New York to meet her. Ms. Swartz dines out with friends and family every time she is in New York.

Helen Swartz was a guest of the subject hotel from December 8 through December 9, 2022, and plans to return to the property from August 22 through August 23, 2023, because it's very near to where her extended family lives in Queens.  Ms. Swartz definitely plans to visit with her elderly uncle and her cousins.  She will have fun shopping the ethnic grocery store for Greek products.  The Plaintiff also wishes to avail herself of the goods and services offered to the public at the property, if the facilities are fully accessible and the barriers to access have been corrected.  The Plaintiff has encountered architectural barriers at the subject property, which have impaired her use of the facilities and the amenities offered, and have endangered her

safety at the facilities and her ability to access the facilities' facilities and use the restrooms.

5.      Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA.  The place of public accommodation that the Defendant owns, operates, leases or leases to is known as The Ravel Hotel, and is located at 8-08 Queens Plaza South, Long Island City, NY.

6.      Helen Swartz has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 8 of this Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant.  Helen Swartz has visited the subject property and desires to visit The Ravel Hotel in the near future, not only to avail herself of the goods and services available at the property, but to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

7.      The Defendant has discriminated against the individual Plaintiff and others similarly situated by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

8.      The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  A preliminary inspection of The Ravel Hotel has shown that violations exist.

These violations that Ms. Swartz has personally observed or encountered, and which were confirmed by Plaintiff's ADA expert,  include but are not limited to:

### Maintenance

a.      The accessible features of the facility are not maintained, creating barriers to access for the plaintiff, as set forth herein, in violation of 28 CFR §36.211.

### Passenger Loading Zone and Accessible Parking

b.      There is no marked access aisle at the passenger loading zone adjacent to the vehicle pull-up space making it difficult for the plaintiff to utilize, in violation of section 503.3 of the 2010 ADA Standards, whose resolution is readily achievable.

c.      The access aisle serving the designated accessible parking spaces is not 60 inches wide minimum as required, making it difficult for the plaintiff to transfer to the vehicle, in violation of section 502.3 of the 2010 ADA Standards, whose resolution is readily achievable.

### Accessible Route

d.      The ramp leading to the side entrance has a running slope exceeding the maximum allowance of 8.33% making it difficult for the plaintiff to traverse, in violation of section 405.2 of the 2010 ADA Standards, whose resolution is readily achievable.

e.      The ramp leading to the side entrance does not provide compliant handrails on both sides with extensions at the top and bottom as required, making it difficult for the plaintiff to traverse, in violation of section 405.8 of the 2010 ADA Standards, whose resolution is readily achievable.

f.      The ramp leading to the side entrance has broken concrete at the bottom creating a change in level greater than the minimum ¼ inch allowance making it difficult for the plaintiff to traverse, in violation of section 303.1 of the 2010 ADA Standards, whose resolution is readily achievable.

### Main Entrance

g.      The indoor floor mat located at the main lobby entrance is not securely attached to the floor and ground surface as required making it difficult for the plaintiff to traverse the main entrance, in violation of sections 403.2 and 302.2 of the 2010 ADA Standards, whose resolution is readily achievable.

h.      There is no signage indicating accessibility with the international symbol of accessibility (ISA) posted at the main entrance making it difficult for the plaintiff to identify the facility as accessible, in violation of 216.6 and 703.7.2.1 of the 2010 ADA Standards, whose resolution is readily achievable.

**Lobby Area**

i.      The credit card readers at the customer service counters exceed the maximum reach range allowance of 48 inches above the finish floor to the operable mechanism making it difficult for the plaintiff to utilize, in violation of sections 309.3 and 308 of the 2010 ADA Standards, whose resolution is readily achievable.

j.      The area rugs in the lobby are not securely attached to the floor and ground surface as required making it difficult for the plaintiff to traverse the lobby, in violation of sections 403.2 and 302.2 of the 2010 ADA Standards, whose resolution is readily achievable.

**Hallway Area**

k.      The floor mats located in the hallways and the side entrance to the lobby are not securely attached to the floor and ground surface as required making it difficult for the plaintiff to traverse the main entrance, in violation of sections 403.2 and 302.2 of the 2010 ADA Standards, whose resolution is readily achievable.

l.      The credit card readers on the vending machines are located above the maximum height requirement of 48 inches above the finish floor to the operable mechanism making it difficult for the plaintiff to reach, in violation of sections 309.3 and 308 of the 2010 ADA Standards, whose resolution is readily achievable.

**Accessible Public Unisex Restroom**

m.      The flush control is not located on the open side of the water closet making it difficult for the plaintiff to utilize, in violation of section 604.6 of the 2010 ADA Standards, whose remediation is readily achievable.

n.      The lavatory is obstructing the water closet's 60 inches of perpendicular clearance from the side wall making it difficult for the plaintiff to utilize, in violation of section 604.3.1 of the 2010 ADA Standards, whose resolution is readily achievable.

o.      The hand pull of the baby changing table is located above the maximum height requirement of 48 inches above the finish floor to the operable mechanism making it difficult for the plaintiff to reach, in violation of sections 309.3, 308.2 and 308.3 of the 2010 ADA Standards, whose resolution is readily achievable.

**Accessible Guest Room 201**

p.      The Hotel does not provide the required amount of compliant accessible guest rooms and the accessible rooms are not dispersed among the various classes of accommodations, in violation of section 224.2 of the 2010 ADA Standards, whose resolution is readily achievable.

q.      The security latch and peep hole exceed the maximum height requirement of 48 inches above the finish floor to the operable mechanism making it difficult for the plaintiff to utilize, in violation of sections 308.2.1 and 309.3 of the 2010 ADA Standards, whose resolution is readily achievable.

r.      The desk and bed are obstructing the minimum clear width of 32 inches for a length of 24 inches maximum to approach the sliding doors and window curtains operable mechanism making it difficult for the plaintiff to utilize, in violation of section 403.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

s.      The desk and bed are obstructing the required minimum 30 inches by 48 inches of clear floor space to the refrigerator, trash cans and coffee maker making it difficult for the plaintiff to utilize, in violation of sections 309.2 and 305.3 of the 2010 ADA Standards, whose resolution is readily achievable.

t.      The room safe is located above the maximum height requirement of 48 inches above the finish floor to the operating mechanism making it difficult for the plaintiff to access, in violation of sections 309.3 and 308 of the 2010 ADA Standards, whose resolution is readily achievable.

u.      The desk is obstructing the required minimum 30 inches by 48 inches of clear floor space to operate the A/C unit making it difficult for the plaintiff to utilize, in violation of sections 309.2 and 305.3 of the 2010 ADA Standards, whose resolution is readily achievable.

v.      The basket underneath the lavatory obstructs the lavatory's knee and toe clearance making it difficult for the plaintiff to utilize, in violation of sections 606.2, 306.2 and 306.3 of the 2010 ADA Standards, whose resolution is readily achievable.

w.      The plaintiff had to use caution when using the lavatory due to the drainpipe and water lines being fully exposed and not fully insulated as required making it difficult for the plaintiff to utilize, in violation of section 606.5 in the 2010 ADA Standards, whose resolution is readily achievable.

x.      The lavatory is obstructing the water closet's 60 inches of perpendicular clearance from the side wall making it difficult for the plaintiff to utilize, in violation of sections 806.2.4 and 604.3.1 of the 2010 ADA Standards, whose resolution is readily achievable.

y.      The flush control is not located on the open side of the water closet making it difficult for the plaintiff to utilize, in violation of sections 806.2.4 and 604.6 of the 2010 ADA Standards, whose remediation is readily achievable.

z.      The toilet paper dispenser is not located 7 inches minimum and 9 inches maximum in front of the water closet measured from the centerline of the dispenser making it difficult for the plaintiff to utilize, in violation of sections 806.2.4 and 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

aa.      The coat hook is located above the maximum reach range allowance of 48 inches above the finished floor making it difficult for the plaintiff to utilize, in violation of sections 603.4 and 308.2.1, and 308.2.2 of the 2010 ADA Standards, whose resolution is readily achievable.

bb.      The shower curb has a vertical change in level greater than the maximum requirement of ½ inch making it difficult for the plaintiff to utilize, in violation of sections 806.2.4, 608.7 and 303.2 of the 2010 ADA Standards, whose resolution is readily achievable.

cc. The roll-in shower head is located above the maximum 48 inches above the finished floor and does not provide the required shower spray unit with a 59-inch hose making it difficult for the plaintiff to shower, in violation of sections 806.2.4 and 608.6 of the 2010 ADA Standards, whose resolution is readily achievable.

dd. The standard roll-in type shower does not provide a permanent folding seat as required in transient lodging making it difficult for the plaintiff to utilize, in violation of sections 213.3.6, 806.2.4 and 608.4 of the 2010 ADA Standards, whose resolution is readily achievable.

ee. The standard roll-in type shower does not provide the controls and shower spray unit in the compliant location on the back wall where a seat is required in transient lodging making it difficult for the plaintiff to utilize, in violation of section 608.5.2 of the 2010 ADA Standards, whose resolution is readily achievable.

ff. The glass doors are obstructing the 60 inches wide minimum entry on the face of the standard roll-in shower compartment making it difficult for the plaintiff to utilize, in violation of section 608.2.2 of the 2010 ADA Standards, whose resolution is readily achievable.

### Accessible Guest Room Suite 204

gg. The security latch and peephole height exceed the maximum 48 inches above the finish floor making it difficult for the plaintiff to utilize, in violation of sections 308.2.1 and 309.3 of the 2010 ADA Standards, whose resolution is readily achievable.

hh. The heating and air conditioning thermostat is located above the maximum height requirement of 48 inches above the finished floor to the operable mechanism making it difficult for the plaintiff to utilize, in violation of sections 308.2.1 and 308.3.1 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The area rugs in the lobby have exposed edges and are not securely attached to the floor and ground surface as required making it difficult for the plaintiff to traverse the main entrance, in violation of sections 403.2 and 302.2 of the 2010 ADA Standards, whose resolution is readily achievable.

jj. The coat hooks are located above the maximum reach range allowance of 48 inches above the finished floor making it difficult for the plaintiff to utilize, in violation of sections 308.2.1 and 308.2.2 of the 2010 ADA Standards, whose resolution is readily achievable.

kk. The plaintiff had to use caution when using the lavatory due to the drainpipe being fully exposed and not insulated as required making it difficult for the plaintiff to utilize, in violation of section 606.5 in the 2010 ADA Standards, whose resolution is readily achievable.;

ll. The mirror exceeds the maximum height requirement of 40 inches above the finish floor making it difficult for the plaintiff to utilize, in violation of section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

mm. The lavatory and trash receptacle are obstructing the water closet's 60 inches of perpendicular clearance from the side wall making it difficult for the plaintiff to utilize, in violation of sections 806.2.4 and 604.3.1 of the 2010 ADA Standards, whose resolution is readily achievable.

nn.     The side wall grab bar is not mounted 12 inches from the rear wall and does not extend 54 inches from the rear wall as required making it difficult for the plaintiff to utilize, in violation of sections 806.2.4 and 604.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

oo.     The shower curb has a vertical change in level greater than the maximum requirement of ½ inch making it difficult for the plaintiff to utilize, in violation of sections 806.2.4, 608.7 and 303.2 of the 2010 ADA Standards, whose resolution is readily achievable.

pp.     The transfer type shower compartment's fixed shower head is located above the maximum height requirement of 48 inches above the finished floor and does not provide the required shower spray unit with a 59-inch hose making it difficult for the plaintiff to shower, in violation of sections 806.2.4 and 608.6 of the 2010 ADA Standards, whose resolution is readily achievable.

qq.     The transfer type shower compartment does not provide a permanent folding seat as required in transient lodging making it difficult for the plaintiff to utilize, in violation of sections 213.3.6, 806.2.4 and 608.4 of the 2010 ADA Standards, whose resolution is readily achievable.

rr.     The bathtub does not provide a permanent seat at the head end of the tub or a removable in-tub seat capable of secure placement as required, making it difficult for the plaintiff to utilize, in violation of section 607.3 of the 2010 ADA Standards, whose resolution is readily achievable.

ss.     The bathtub does not provide two grab bars on the back wall in the compliant locations as required making it difficult for the plaintiff to utilize, in violation of section 607.4.2.1 of the 2010 ADA Standards, whose resolution is readily achievable.

tt.     The controls are not in the compliant location between the open side of the bathtub and the centerline width of the tub making it difficult for the plaintiff to utilize, in violation of section 607.5 of the 2010 ADA Standards, whose resolution is readily achievable.

9.      The foregoing violations are also violations of the 1991 Americans with Disability Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as adopted by the U.S. Department of Justice.

10.     The discriminatory violations described in paragraph 8 are not an exclusive list of the Defendant's ADA violations.  Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The individual Plaintiff, and all other

individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.  The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

11.     Defendant has discriminated against the individual Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

12.     Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted.  Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

13.     Defendant is required to remove the existing barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

14.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   All other conditions precedent have been met by Plaintiff or waived by the Defendant.

15.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter The Ravel Hotel to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.   The Order shall further require the Defendant to maintain the required assessable features on an ongoing basis.

          **WHEREFORE,** Plaintiff respectfully requests:

          a.     The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the

Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b.      Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, and to require the institution of a policy that requires Defendant to maintain its accessible features.

c.      An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d.      Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

## COUNT II
## VIOLATION OF NEW YORK CIVIL RIGHTS LAW

16.   Plaintiff realleges all prior allegations as if fully set forth herein.

17.   New York Law provides that it shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation, resort or amusement, because of the race, creed, color, national origin, sexual orientation, military status, sex or *disability* or marital status of any

person, directly or indirectly..... [to deny] such person any of the accommodations, advantages, facilities or privileges thereof........N.Y. Exec. Law Section 296(2)(a).

18.     For the purposes of the foregoing paragraph, "discriminatory practice" includes:

A.     A refusal to make reasonable modification in policies, practices or procedures, when such modifications are necessary to afford facilities, privileges, advantages or accommodation to individuals with disabilities, unless such person can demonstrate that making such modifications would fundamentally alter the nature of such facilities, privileges, advantages or accommodations;

B.     A refusal to take such steps as may be necessary to ensure that no individual with a disability is excluded or denied services because of the absence of auxiliary aids and services, unless such a person can demonstrate that taking such steps would fundamentally alter the nature of the facility, privilege, advantage or accommodation being offered or would result in an undue burden; and

C.     A refusal to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities......, where such removal is readily achievable......N.Y. Exec. Law Section 296(2)(c).

19.     Pursuant to N.Y. Exec. Law Section 297(9), "Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages."

20.     Due to Defendant's discrimination and failure to provide accessibility by removing barriers to access at its property as discussed in this Complaint, Plaintiff suffered emotional distress, humiliation, mental anguish and other injuries.

21.     A place of public accommodation "shall be deemed to include ... hotels," N.Y. Civ. Rights Law §40.

22.     New York law mandates, "all persons within the jurisdiction of this state shall be entitled to the full and equal accommodations, advantages, facilities and privileges of any place of public accommodation...." N.Y. Civ. Rights Law §40.

23.     Defendant's property is a place of public accommodation as defined in §40.

24.     N.Y. Civ. Rights Law §41 states, "Any person who or any agency, bureau, Corporation or association shall violate any provisions of sections forty, forty-a, forty-b or forty-two or incite the violation of any said provisions…shall for each and every violation thereof be liable to a penalty of not less than One Hundred Dollars ($100.00) nor more than Five Hundred Dollars ($500.00) to be recovered by the person aggrieved…thereby in any court of competent jurisdiction in the county in which the plaintiff or the defendant shall reside… also, any person who shall violate any of the provisions of the foregoing section shall be deemed guilty of a misdemeanor."

25.     Plaintiff, Ms. Swartz visited Defendant's property and encountered the discriminatory barriers discussed in this Complaint and seeks minimum statutory damages under §41.

26.     By maintaining architectural barriers and policies that discriminate against people with disabilities and through the other actions described above, Defendant, has, directly and/or indirectly, refused, withheld from, and denied to Plaintiff, Swartz, because of her disability, the full enjoyment of its property.

27.     Plaintiff, Helen Swartz, has been damaged and will continue to be damaged by this discrimination as more fully set forth above.

**WHEREFORE**, the Plaintiff respectfully requests that this Court award Helen Swartz statutory damages pursuant to N.Y. Civ. Rights Law §41, and compensatory damages pursuant to N.Y. Exec. Law Section 297(9) and award Plaintiff's attorney's fees, costs and expenses incurred prosecuting this action.

Dated:  December 28, 2022                    Respectfully submitted,

                                             */s/  Lawrence A. Fuller*
                                             Lawrence A. Fuller, Esq.  (LF 5450)
                                             FULLER, FULLER & ASSOCIATES, P.A.
                                             12000 Biscayne Blvd., Suite 502
                                             North Miami, FL 33181
                                             (305) 891-5199
                                             (305) 893-9505 – Facsimile
                                             Lfuller@fullerfuller.com

                                             *Counsel for Plaintiff Helen Swartz*